```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
AMERICAN STEAMSHIP OWNERS MUTUAL      :
PROTECTION AND INDEMNITY ASSOCIATION, :
INC.,                                 :
                    Plaintiff,        :
                                      :
         -v-                          :
                                      :
ATLANTIC OIL MARITIME S.A., VERSTAT   :
SHIPPING, S.A., VILOR SHIPPING, S.A., :
TREXEL OIL S.A., DUKE NAVIGATION S.A.,:
SOLUTION MARITIME S.A., AND DIAMOND   :
SEAWAYS S.A.,                         :
                    Defendants.       :
                                      :
------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/09

09 CIV. 5959 (DLC)

MEMORANDUM
OPINION & ORDER

Appearance:

For Plaintiff:
Don Murnane, Jr.
Manuel Molina
Edward Carlson
Freehill, Hogan & Mahar LLP
80 Pine St.
New York, NY 10005

DENISE COTE, District Judge:

     Plaintiff has applied for a maritime attachment in this

litigation, which will also resolve the merits of the parties'

disputes.  While it has shown an entitlement to an attachment,

it requests that the Court issue an attachment order that varies

in two material respects from the model order that this Court

adopted in April 2009.

First, the plaintiff seeks an attachment of electronic
funds transfers ("EFTs") that are destined for the benefit of
the defendant as well as those originated by the defendant.
This issue is currently being considered by the Court of Appeals
in an appeal from Shipping Corp. of India, Ltd. v. Jaldhi
Overseas PTE Ltd., No. 08 Civ. 4328 (JSR), 2008 WL 2596229,
(S.D.N.Y. June 27, 2008). Pending a decision by the Court of
Appeals, this Court will only authorize attachments of EFTs
originated by the defendant, despite having taken a contrary
position in Novoship (UK) Ltd. v. Ruperti, 567 F. Supp. 2d 501
(S.D.N.Y. 2008), and Noble Shipping, Inc. v. Euro-Maritime
Chartering Ltd., No. 03 Civ. 6039, 2003 U.S. Dist LEXIS 23008
(S.D.N.Y. Dec. 24, 2003). See Seamar Shipping Corp. v.
Kremikovtzi Trade Ltd., 461 F. Supp. 2d 222 (S.D.N.Y. 2006).

Second, the plaintiff seeks appointment of its own process
server, arguing that such appointment is permitted by the plain
language of the Federal Rules of Civil Procedure and will avoid
"burdening the U.S. Marshal." The Federal Rules permit but do
not require appointment of a special process server. Rule 4(c)
Fed. R. Civ. P. See also Supplemental Rule B(1)(d)(ii), Fed. R.
Civ. P. The U.S. Marshal in this district has made arrangements
for the service of attachment orders and advised our Board of
Judges that he will not be burdened by being required to make
such service. The banking community has endorsed service by the

U.S. Marshal to avoid the abuses in which certain process
services have engaged.  Because the Court's model order permits
supplemental service to be made by facsimile or other means if
the garnishee so consents, the requirement that initial service
be made through the U.S. Marshal is unlikely to impose any
unreasonable financial burden on plaintiff.  As a result, the
request for the appointment of the plaintiff's own process
server is denied.

Accordingly, in the event that the plaintiff wishes this
Court to issue an order of attachment it shall provide a
proposed order that conforms to the Court's model order
available on this Court's webpage.

SO ORDERED:

Dated:    New York, New York
          August 28, 2009

                              _____
                                        DENISE COTE
                              United States District Judge